Jones *v.* The People of the State of Illinois.

SAMUEL B. JONES, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, Defendants in Error.

ERROR TO MORGAN.

The act to prohibit the retailing of intoxicating drinks, approved February 1, 1851, is not unconstitutional.
A refusal to grant a new trial in a criminal case, because the verdict is contrary to the evidence, cannot be assigned for error.

THIS cause was heard before WOODSON, Judge, at the September term, 1852, of the Morgan Circuit Court.

MURRAY MCCONNEL, for plaintiff in error.

W. H. HERNDON, for the people.

TRUMBULL, J. This was an indictment for selling spirituous liquor and suffering the same to be drank in a house occupied by the defendant. The case was tried by a jury, who found the defendant guilty, whereupon he moved for a new trial and in arrest of judgment, which motions were severally overruled, and the defendant adjudged to pay a fine of twenty-five dollars and costs.

The defendant brings the case to this court and assigns for error, that the act to prohibit the retailing of intoxicating drinks approved February 1, 1851, is unconstitutional; and that the evidence was insufficient to warrant the finding of the jury.

So much of the first and third sections of the act, as are necessary to an understanding of the constitutional questions, is as follows: " That every person who shall, by himself or agent, barter, sell, or exchange any wine, rum, brandy, gin, whiskey, or other vinous, spirituous, or mixed liquors, by a less

Jones *v.* The People of the State of Illinois.

quantity than one quart, or who shall barter, sell, or exchange the said liquors, or any of them, by any quantity, and suffer them to be drank in any house, tavern, store, grocery, outhouse, shed, or other building occupied by him, her, or them, shall, on conviction, be fined for every offence twenty-five dollars."

" Sect. 3.   The fines herein provided for may be recovered, either by indictment in any court having jurisdiction of such offence, or by action of debt in the name of the people of the State of Illinois, before any justice of the peace of the proper county."

It is objected to the law, that it provides that the fines imposed may be collected by action of debt before a justice of the peace, in which event it is urged that a party would be deprived of the right of trial by jury.   It is a sufficient answer to this objection, that the defendant was not so proceeded against.   He was indicted in the circuit court, and had all the benefits of a jury trial, after which, it surely does not lie in his mouth to complain, that by another provision of the law, he might have been proceeded against in a manner that would have been obnoxious to a constitutional objection; but there is no force in the objection in any point of view, as the law makes ample provision for calling a jury in a case pending before a justice of the peace.   The other objections taken to the constitutionality of the law are as untenable as this.   We shall not go into an elaborate argument to prove that the legislature possesses the authority to regulate its own internal traffic according to its own judgment, and upon its own views of the interests and well-being of its citizens.   The powers of the several States to regulate or even prohibit the retail of spirituous liquors within their limits, is expressly sanctioned by the Supreme Court of the United States, in the license cases, 5 Howard, 504, and there is nothing in the constitution of Illinois to prevent the exercise of this power.   By virtue of its police power, every State must have the " right to enact such laws as may be necessary for the restraint and punishment of crime, and for the preservation of the public peace, health, and morals of its citizens."   It is upon this principle that the sale of lottery tickets, and of cards, and other instruments for gaming is prohibited; and who ever questioned the constitutionality or validity of such laws?   A government that did not possess the power to protect itself against such and similar evils, would scarcely be worth preserving.

There is nothing in the law which condemns one citizen for the acts of another, unless the former has in some way contributed to bring about such act, or were in some way privy to

17 *

it. It is idle to say that the man who sells the liquor cannot know that it will be drank in his house, or prevent it, if he did. The same argument might be used to excuse every person who permits gambling or other criminal offences within his house. The law presumes every man to be the master of his own house, and if he permits liquor to be sold which is drank in a building he occupies, he is responsible in the same manner as if he had actually made the sale himself.

This court has repeatedly decided that a refusal to grant a new trial, in a criminal case, on the ground that the verdict is contrary to the evidence, cannot be assigned for error.

*Judgment affirmed.*