Syllabus.

# HIRAM DINGMAN

v.

# THE PEOPLE OF THE STATE OF ILLINOIS.

1. UNIVERSITY OF CHICAGO—*the restraint upon the sale of liquors within one mile thereof.* That clause in the charter of the University of Chicago, which provides, that a place where intoxicating liquors are sold, or furnished for other than medicinal or mechanical purposes, and located within one mile of the site of such university, shall be declared a nuisance, and subject to abatement as such, is repealed by the act of February 13, 1863, revising the charter of the city of Chicago, whereby the power to grant or refuse licenses for the sale of liquors, within the city limits, is conferred on the mayor and city council.

2. STATUTES—*repealed by implication.* Where there is a clear repugnance between two acts of the general assembly, the later expression of the legislative will, will be regarded as a repeal of the former. So, where the former act prohibited a certain thing to be done, and a subsequent act granted the power to permit or prohibit the same thing to be done, there is such a repugnance between them, in that respect, that the later statute will be held to operate as a repeal of the former.

3. GRANT OF POWER—*to a corporation—what constitutes.* A clause in the charter of the University of Chicago, which prohibits the sale of liquor within one mile thereof, was not a grant of power to the corporation on that subject, but was a prohibition by the legislature itself; and in this there is a distinction between this case and the *Dartmouth College* case, as there, the power attempted to be controlled by the legislature had been conferred upon the college authorities, to be exercised by them.

4. VESTED RIGHTS—*police power of the State.* But, even if the legislature had given to the University of Chicago the power to prohibit the sale of liquors within prescribed limits, it being a part of the police power of the State, it could be resumed at the pleasure of the legislature, for the police power of a State cannot be made the subject of an irrevocable grant, either to a municipal or private corporation, or to private individuals.

WRIT OF ERROR to the Recorder's Court of Chicago; the Hon. EVERT VAN BUREN, Judge, presiding.

The opinion states the case.

Messrs. WILSON & ASAY, for the plaintiff in error.

Mr. CHARLES H. READ, State's attorney, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an indictment presented by the grand jury to the Recorder's Court of Chicago, against plaintiff in error, for keeping a place, within one mile of the site of the University of Chicago, for the sale of spirituous liquors, for other than mechanical or medicinal purposes, contrary to the statute. Plaintiff in error filed a plea of not guilty, and a trial was had before the court and a jury, which resulted in a verdict of guilty. Motions for a new trial, and in arrest of judgment, were entered, but overruled by the court, and thereupon judgment was rendered, that plaintiff forthwith abate the nuisance, and that in default thereof, the sheriff proceed to abate the same, and that plaintiff in error should stand committed until the judgment of the court should be executed.

On the trial in the court below, plaintiff in error admitted that he kept a place within a mile of the site of the University of Chicago for the sale of intoxicating liquors, not being sold for mechanical or medicinal purposes. He then offered to prove that the place was a public inn, for the accommodation of man and beast, and that he held a license from the city of Chicago for the sale of such liquors at that place, and a license from the United States government, but the court refused to permit him to make this proof, and he, at the time, excepted.

It is urged, in support of this judgment, that the sale of all such liquors is prohibited by the charter of the University of Chicago, adopted on the 30th of January, 1857. The fourth section of that act declares that:

"To enable the trustees to fulfill the trusts hereby committed to them, and to secure the ends of this corporation, it is hereby declared unlawful for any person to entice any student

of said university into the practice of gaming, or to furnish to any student any device or instrument for gaming, or any intoxicating liquors. And any billiard room, bowling alley, race course, or other device or instrument for gaming, or any brothel or house of ill-fame, or place where intoxicating liquors are sold or furnished, except for medicinal or mechanical purposes, within one mile of the site of said university, is hereby declared a nuisance, and subject to abatement as such."

It appears, that by the revised charter of the city of Chicago, adopted by the general assembly on the 13th of February, 1863, the power to grant or refuse licenses for the sale of liquors within the city limits, is conferred on the mayor and city council. See sec. 13, chap. 4, city charter, and chap. 44, city ordinances. From this provision of the charter, it seems that the whole question of granting or refusing such licenses is conferred on the city, and the power seems to be co-extensive with the city. And when the legislature, in 1857, say, that liquor shall not be sold within one mile of the university, which territory embraces a portion of the city, and six years subsequently, say, that the mayor and city officers may or may not grant licenses for that purpose within such territory, there is a manifest conflict between these provisions. By the one it is prohibited, and by the other it is authorized.

In such a case, the rule that a law will not be repealed by implication, in doubtful cases, does not apply, as there is here a direct conflict between the former and latter law; and when there is a clear repugnance between two laws, and the provisions of both can not be carried into effect, the later law must prevail, and the former yield to the last expression of the legislative will. We regard these two provisions of law as falling within that predicament.

It is, however, contended, that the 4th section of the charter of the university is a grant to a private corporation, and, under the decision of the case of *Dartmouth College* v. *Woodward*, 4 Wheaton, 518, this grant became vested and beyond legislative

control, and any subsequent enactment, in conflict with its provisions, is unconstitutional and void.

There can be no reasonable doubt that the legislature, in the exercise of its power to regulate the police of the State, may prohibit the sale of intoxicating liquors throughout the State, or in specified localities. This has been held in a number of cases in this court, whereby by-laws of cities and towns, made in pursuance to their charters, prohibiting its sale, have been sustained. *Jones* v. *The People*, 14 Ill. 196, *Godard* v. *Town of Jacksonville*, 15 Ill. 588, *Byers* v. *Town of Olney*, 16 Ill. 36, *City of Pekin* v. *Smelzel*, 21 Ill. 468. But such an enactment has been regarded as emanating from the police power of the State, and not as being the subject of irrevocable grant. It is a part of the great fundamental principles that enter into and compel the necessity of government for the protection of the people against crime, immorality, vice, and even nuisances. This power is incident to all governments, and it would be subversive of the government itself, to permit it to irrevocably grant this power to individuals. It would defeat the ends of government, and hence can never be supposed to have been contemplated by those who formed our organic law.

It is upon this principle that it is uniformly held that the legislature may resume any or all of the powers granted to municipal corporations. They are created and maintained for police purposes. And it is the well recognized law, that the legislature has power, by enactment of general laws, from time to time, as exigencies may require, to regulate corporations in the exercise of their franchises, so as to provide for the public safety. *Galena & Chicago Union R. R. Co.* v. *Loomis*, 13 Ill. 548. And the same doctrine is announced in the case of the *Galena & Chicago Union R. R. Co.* v. *Dill*, 22 Ill. 264. The case of *Ohio & Miss. R. R. Co.* v. *McClelland*, 25 Ill. 140, holds that acts of incorporation are subordinate to the general police powers of the State. And in the case of the *Galena & Chicago Union R. R. Co.* v. *Appleby*, 28 Ill. 283, where the legislature had exempted the company from

ringing a bell or sounding a whistle at a road crossing, and afterwards, by an act to amend their charter, required they should perform that duty, although the company rejected the amendment, it was held, that under the general power to regulate the police of the State, the act was binding; that the exemption formed no part of their franchise, and could be resumed by the general assembly at pleasure.

There is a broad distinction between this case and that of the *Dartmouth College* v. *Woodward, supra*. In that case there was a grant of power and authority for the government of the body, and the legislature subsequently attempted to amend their charter, so as to abridge the powers of the body, and require them to be exercised in a different mode, and by a larger number of trustees, and gave the appointment of additional trustees to the executive of the State, and created a board of overseers, with power to inspect and control the most important acts of the trustees. There was, in that case, an effort on the part of the State to control the corporation, and to resume powers necessary to its existence, and place them partly in other hands. In this case, there was given to the university no power to regulate and control the sale of liquors within one mile of the site of their institution, but the legislature, believing it to be beneficial to the morals of the students, and promotive of education, prohibited their sale within those limits. That was manifestly but a police regulation, and being such, had it been conferred upon that body by their charter, we entertain no doubt the legislature could have resumed it at pleasure.

When the legislature shall endeavor to deprive them of their chartered privileges, it will be time to invoke the constitution for their protection.

To hold that this case falls within, and is governed by, the Dartmouth College case, would be to enlarge its scope, while the profession regard it as having gone to, if not beyond, the verge of the correct principle there applied, and however desirous we may be to promote education, sustain morality,

and suppress vice, we can not consent to the proposition, that the legislature has or can abandon the police power, or give a vested right to its exercise by a municipal or private corporation, or to private individuals. By the exercise of such a power, if legal, the general assembly would, probably, before the end of the present generation, find, that over many subjects of police regulation, they would be powerless, having granted it to colleges, schools, or other corporations. We are, therefore, clearly of the opinion, that the legislature had the constitutional power to repeal the 4th section of this charter.

It is urged, that the case of *O'Leary* v. *The County of Cook*, 28 Ill. 534, is decisive of this case. That was simply a question, whether a private act to amend the charter of the Northwestern University, which contained a provision prohibiting the sale of intoxicating drinks within four miles of the institution, when the title of the bill did not refer to this provision, was constitutional; and the majority of the court held, that the suppression of intemperance and vice in the precincts of the university was germane to the bill. There was no question, in that case, whether the provision had become a vested right in the corporation.

We have no doubt the legislature has the constitutional power ·to prohibit the sale of liquor within a reasonable distance of schools, churches, worshiping congregations, the polls at elections, and in all other cases, when they shall be of the opinion that it will promote the public good, and that they may, with equal power, repeal such laws. We have no doubt that the 4th section of the charter was repealed.

For these reasons, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*