LOUIS METTE AND GEORGE KANNE, PLAINTIFFS IN ERROR, V. DANIEL L. McGUCKIN, DEFENDANT IN ERROR.

Constitutional Law: LIQUOR LAW CONSTITUTIONAL. The act of the legislature approved February 28, 1881, commonly known as the Slocumb Liquor Law, is not unconstitutional as being in violation of the provisions of the constitution of the United States, which provides that " the citizens of each state shall be entitled to all the privileges and immunities of citizens

in the several states," it being the exercise of the police power of the state for the protection of its citizens, and not for the purpose of revenue or the regulation of commerce. In the exercise of such power, it is competent for the legislature to require that the licensee shall be a resident of the state, and subject to its laws and to the processes of its courts.

ERROR to the district court for Douglas county.    Tried below before WAKELEY, J.

*Warren Switzler*, for plaintiffs in error.

*W. J. Connell*, for defendant in error.

REESE, J.

There is but one question involved in this case, to-wit, the constitutionality of chapter fifty of the Compiled Statutes of 1885, commonly known as the " Slocumb Liquor Law." The constitutionality of the act in question was presented to this court and passed upon in *Pleuler v. The State*, 11 Neb., 547, but the point now presented was not then considered. But the general proposition advanced in that case is applicable to this; which is, that " to justify a court in pronouncing an act of the legislature unconstitutional, it must be clear and free from reasonable doubt that it is so, not a doubtful and argumentative implication. Or, in other words, a statute should not be held invalid unless it is clearly forbidden by the paramount law. Such, substantially, has been the holding of all courts speaking upon this subject." See cases there cited.

The grounds upon which plaintiffs in error base their attack upon the law in question is, that no license can be issued to any person to sell liquor unless he be a resident of this state, and hence the law is absolute prohibition so far as it affects persons who are not residents; that it thus becomes prohibitory to non-residents and a license law to the citizen, and that this is in violation of article four of

the constitution of the United States, which provides that " the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states;" that it is also in violation of the fourteenth amendment to the same constitution, which provides that " no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

As we view the question here presented, it could serve no good purpose to enter into a lengthy discussion of the provisions of the constitution above cited. It is enough to say that we think they have no application to the case at bar. While it is true that every person, unless prohibited by some statute or other municipal enactment, has the legal right to sell intoxicating liquors, and to that extent may be denominated a "natural right," as insisted by plaintiff in error, yet it is not, perhaps, one of the *inalienable* rights of the citizen which are so sedulously guarded by the constitution and laws of our common country. From the earliest stages of our present civilization th e sale of intoxicating liquors has been looked upon as a species of trade which was, or might be, injurious to the public weal; and hence it has been at all times considered a proper subject of police regulation, not as affecting the questions of the commercial interests of the country, but as affecting directly the welfare of the citizen and public morals. It has been held by this court and declared in· the very able opinion written by Judge Lake in *Pleuler v. The State, supra,* that the act under consideration was not intended as a tax upon the traffic in intoxicating liquors, nor for the purpose of raising revenue, but was an exercise of the ample police power of the state for the purpose of *regulation.* In that case he says:  " To our minds it is clear that the restriction (of the constitution) relied on has no proper application to this case, and that the authority given by the act regulating the sale of spirituous liquors is but a proper exercise of the police power of the state, of which, by the

constitution, the legislature is made the sole custodian and dispenser, and not an exercise of the power of taxation. That regulation of a traffic believed by the legislature to be pernicious in its effects upon society, and not the raising of revenue merely, is the chief design of the act, it would seem no man of intelligence can doubt who reads it."

In *Jones v. The People*, 14 Ill., 196, in speaking of the exercise of this power, Judge Trumbull, in writing the opinion, says: " By virtue of its police power every state must have the right to enact such laws as may be necessary for the restraint and punishment of crime, and for the preservation of the public peace, health, and morals of its citizens. It is upon this principle that the sale of lottery tickets and of cards and other instruments for gaming is prohibited, and whoever questioned the constitutionality or validity of such laws? A government that did not possess the power to protect itself against such and similar evils would scarcely be worth preserving."

We may be pardoned if we transfer to this page a part of section 995 of Mr. Bishop's excellent work upon the subject of statutory crimes. In discussing the general question now under consideration, he says: " The doctrine governing this whole subject may be summed up thus: The state, in the enactment of its laws, must exercise its judgment concerning what acts tend to corrupt the public morals, impoverish the community, disturb the public repose, injure the other public interests, or even impair the comfort of individual members, over whom its protecting watch and care are required. And the power to judge of this question is necessarily reposed alone in the legislature, from whose decision no appeal can be taken, directly or indirectly, to any other department of the government. When, therefore, the legislature with this exclusive authority has exercised its right of judging concerning this legislative question, by the enactment of prohibitions like those discussed in this chapter, all other departments of

the government are bound by the decision which no court has a jurisdiction to review."

Finding the police power of the state being thus plenary and complete, and that so long as the enactment is within the exercise of this power, we are relieved from any serious trouble arising out of the question here presented.

It is conceded that the legislature has power to regulate the sale of intoxicating liquors by a license to be issued before the sale can be lawfully made, or that it might, if it saw fit, prohibit the sale altogether. We think it must also be conceded that this would be an exercise of the police power. It must also be conceded that it has the right to require the execution of and delivery to the officers of the state the bond required by law in order that the community may be protected from the results of an improper use or abuse of the license. Why then has it not the power to say that the person to whom the license is issued, and who gives the bond shall be such an one as is subject to the laws of the state, and to the jurisdiction of her courts, and liable to their processes? Any other view would completely destroy the efficacy of the law, and deprive the people of the protection which the law is intended to give.

Numerous instances might be cited where the legislatures, in the exercise of this power, have required that such persons, including corporations, as may have placed themselves within its provisions shall be citizens and subject to its jurisdiction, but is thought unnecessary to do so.

The act in question being the exercise of the police power of the state, and not for the purpose of revenue or of regulating commerce, it follows that it is not in violation of the constitutional provisions referred to, and the decision of the district court was correct. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.