## City of Spring Valley, Appellee, v. Pacific Franckey et al., Appellants.

### Gen. No. 5,164.

CITIES, VILLAGES AND TOWNS—*power of city council to compromise litigation.* The city council of a city has power to enter into a valid compromise of pending litigation to which the city is a party.

Action commenced before justice of the peace. Appeal from the County Court of Bureau county; the Hon. B. F. THOMPSON, Judge, presiding. Heard in this court at the April term, 1909. Reversed. Opinion filed October 19, 1909.

J. L. MURPHY, for appellants.

C. N. HOLLERICH, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

In August, 1908, Pacific Franckey and Minnie Franckey were arrested under a warrant issued by a justice of the peace of Bureau county, upon a complaint charging them with keeping a house of ill fame in violation of section six of the ordinances of the city of Spring Valley. By agreement between the city attorney and the parties the Franckey case and several other cases in which the defendants were charged with the same offense were tried together by a jury in the justice's court. The defendants were found guilty and the Franckeys were fined $200 each; fines varying from $25 to $100 were assessed against the other defendants. The costs amounting to $87.50 were also taxed against the defendants. The defendants appealed to the county court. In the county

court, after the cause was set for trial at the October term, the hearing was continued to November 9th. On October 19, 1908, the costs in the case amounted to $140.45. The defendants in the meantime had been negotiating with the city for a settlement and on October 20th an agreement between the city council and the defendants was made under which the suit was to be dismissed upon the payment of $180 to apply on the costs. The city council at a regular meeting passed a resolution on October 20th directing the suit to be dismissed on the payment of such sum. On November 9th the defendants paid the sum of $180 into court to apply on the costs. A motion was thereupon entered to dismiss the suit on the ground it had been settled. Proof was made of the passage of the resolution by the city council at a regular meeting and that the money agreed upon had been paid into court by the defendants. The city attorney objecting to the dismissal of the suit, the motion was overruled. It is claimed that the judge refused to certify that an exception was taken to his ruling. A change of venue was taken by the defendants from that judge and another county judge was called to act in the case. The motion to dismiss was renewed and the same proof was introduced as before. The city attorney again resisted the motion and introduced in evidence an ordinance of the city which provides, that the city attorney "shall prosecute or defend as the case may be on behalf of the city all cases in which the city is a party or in which its interests are involved." "He shall take charge of the prosecution of all actions for the violation of any of the ordinances of the city and shall conduct all proceedings therefor in the courts to which they are brought or to which they may be appealed." The court overruled the motion to dismiss and the defendants excepted. The defendants then withdrew their appearance in the county court and the appeal was thereupon dismissed with a *procedendo* to the justice. The defendants prosecute this appeal.

At the time the resolution was passed agreeing that the case should be dismissed on the payment of $180 the costs amounted to $140.45 so that the defendants paid all costs and $39.55 for the benefit of the city. The settlement was a compromise between the city and the defendants of litigation which was because of the appeal still pending. It was an uncertainty as to what might happen. If the defendants should succeed then the city would not get anything and no costs, witness fees or expenses incurred on the part of the city would be paid. In Agnew v. Brall, 124 Ill. 312, it was held that a city council has the right and power to settle disputed claims against it or in its favor. That case was one where the city council of the city of Macomb, before the time for prosecuting an appeal which the defendant was perfecting had expired, directed that a judgment for $200 recovered for the violation of a city ordinance be settled for $100 and costs. The city of Macomb is incorporated under the general incorporation law of the state as is also the city of Spring Valley. The city attorney in the Brall case as in this case claimed the city council had no right to settle the judgment for a less amount than the amount of the recovery and after the time for appeal had expired undertook to collect the full amount of the judgment. The court said that at the time of the making the agreement it was a settlement of a pending controversy which the city council had the power to settle; that the right of Brall to appeal gave the city council the right of settlement. "A municipal corporation has power to settle disputed claims against it. (Dillon on Mun. Corp. sec. 398.) It may prosecute suits in favor of the corporation, and defend actions brought against it. It may sue and be sued, and the right to settle matters in litigation follows logically from the right to maintain or defend actions. This doctrine is well stated in Town of Petersburg v. Mappin, 14 Ill. 196, where it is said 'The power to prosecute suits in behalf of the corporation includes the power to settle

the same. So the power to defend suits brought against the corporation, gives them the same power of adjustment. They may compromise doubtful controversies to which the corporation is a party, either as plaintiff or defendant.'" This court followed that rule in City of Morris v. Sackett, 149 Ill. App. 152.

We do not regard the case of Flynn v. City of Springfield, 120 Ill. App. 266, as in point for the reason that the city council in that case did not agree with the defendants upon a settlement but without any consideration whatever ordered the prosecution dismissed. In the present case there was a good consideration paid for the compromise and settlement of a pending prosecution. The decisions of the Supreme Court as to what is the law are binding and conclusive upon all inferior courts, officials and citizens. The judgment is reversed.

*Reversed.*