(No. 31484.—

EUGENE E. BAIM, Appellant, *vs.* CHARLES J. FLECK *et al.,*
Appellees.

*Opinion filed May 18, 1950.*

194

ARONSON & ARONSON, of Chicago, (IRVING GOODMAN, and HERBERT F. FRIEDMAN, of counsel,) for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (ROBERT J. BURDETT, of Chicago, of counsel,) for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff, a taxpayer, brought suit in the superior court of Cook County to enjoin the defendant officers from disbursing public funds in the administration or enforcement of sections 23 and 24 of article VI of the Illinois Liquor Control Act. (Ill. Rev. Stat. 1949, chap. 43, pars. 144a and 144b.) By his amended complaint the validity of each section was challenged on several grounds. A motion by defendants to dismiss the suit was sustained as to section 23 but overruled as to section 24, which the court found to be unconstitutional. Defendants elected to stand on their

motion, and a final decree was rendered accordingly. Plaintiff appeals to this court, contending the superior court erred in holding section 23 valid, and defendants have taken a cross appeal contesting the portion of the decree holding section 24 to be void.

The validity of section 23 will be considered first. It reads as follows: "No unmixed whiskey, unmixed gin or unmixed rum shall be sold or offered for sale at retail for consumption on the premises, except in a container having a minimum capacity of at least one fluid ounce and which contains at the time of sale at least one fluid ounce of the beverage being sold. The provisions of this Section shall not prohibit the sale of unmixed whiskey, unmixed gin or unmixed rum on boats or railroad cars licensed to sell liquor for consumption on the premises in containers regularly used and having a smaller fluid capacity." (Ill. Rev. Stat. 1949, chap. 43, par. 144a.) It is first contended that the section is unconstitutional on the grounds that the terms "unmixed whiskey," "unmixed gin" and "unmixed rum" are vague and uncertain in meaning, and that by their use the legislature has given to the Illinois Liquor Control Commission an uncontrolled discretion to define the type of liquor referred to. There is no merit in this position. Contrary to plaintiff's argument, the word "whiskey" has a usual and popular meaning, which is not rendered ambiguous by the fact that classifications may be made as to "bonded" whiskey, "straight" whiskey, "blended" whiskey and the like. The statute applies to all types of whiskey, gin and rum, sold or offered for sale by the drink, in the form in which they are poured from the bottle, without being first combined with other ingredients to form a mixture. The term "unmixed" clearly refers to the designated liquors in the form in which they exist in the original container, and has no bearing upon their composition as determined by the manufacturer. Where the words appearing in a statute are in common and daily use, and when read

in connection with the context are susceptible to a common understanding, their use does not render the statute invalid. The section is not subject to the objection of uncertainty and vagueness.

Plaintiff secondly contends that the fixing of a minimum quantity which may be sold is an unreasonable and arbitrary restriction having no relation to public health, safety, or welfare. The police power of the State is not confined to the protection of public health and safety, and the preservation of order, but extends as well to the prevention of fraud, deceit and imposition. (*People* v. *Freeman,* 242 Ill. 373.) The manifest purpose of the instant prohibition is to curb the opportunities for deception involved in the use of containers purporting by implication to hold an ounce but which in fact contain a smaller amount. It is not unreasonable for the legislature to infer that glasses or other containers in which whiskey, gin and rum are sold by the drink are commonly and popularly understood to hold an ounce; that purchasers are generally uncritical, and rely in their purchases upon such a prevailing understanding; and that opportunities exist for the vendor to deceive unsuspecting purchasers by using smaller containers. And the legislature presumably found such practices to exist and to be sufficiently extensive in this State to require some corrective measures. The reasonableness of the present enactment must be tested with reference not only to the nature of the evil intended to be remedied but also to the means otherwise available for that purpose. The prevention of deception in such sales would not be practicable if the matter were left to ordinary legal remedies afforded the consumer for fraud or deceit, for the amount involved would in most cases not justify a resort to litigation. Requirements similar to those in the case at bar have been upheld by this court as reasonable methods of preventing deception. Thus a requirement that every container in which milk is sold bear a true marking as to its capacity

is a valid exercise of police power to prevent fraud and imposition in the sale of milk; (*City of Chicago* v. *Bowman Dairy Co.* 234 Ill. 294,) and a regulation prescribing weights for loaves of bread which may be offered for sale is not subject to the constitutional objections urged in the case at bar. (*City of Chicago* v. *Schmidinger,* 243 Ill. 167, affirmed 226 U. S. 578.) Further, we have heretofore held that a law is not invalid which prohibits the sale of rum, gin, or whiskey in a quantity less than a designated amount. (*Jones* v. *People,* 14 Ill. 196.) The prevention of fraud and deception has generally been recognized as being within the police power. Statutes enacted for this purpose, which have a reasonable relation to the preservation of the public interest sought to be protected, do not contravene the constitutional provision here relied upon, despite some degree of interference with freedom of contract. This rule is especially applicable where, as here, the regulation concerns the business of selling intoxicating liquors. Unlike the pursuit of other occupations, there is no inherent right to engage in this business. It is the policy of this State to consider the right to such traffic as permissive, only. (*People* v. *Smith,* 368 Ill. 328, 333; *Schwuchow* v. *City of Chicago,* 68 Ill. 444, 449.) We cannot say, therefore, that the present requirement is unreasonable or arbitrary, or that it lacks the necessary relation to the general purposes of police power.

It is further urged that in exempting sales made on boats and railroad cars the section constitutes special legislation in violation of section 22 of article IV of the constitution. This position cannot be sustained. The legislature may reasonably believe that the causes of the evil at which the act is directed do not exist in such places to the same extent as elsewhere. The intensity of competition among ordinary vendors of intoxicating liquors, which may to some extent induce resort to questionable practices in order to sell at reduced prices, does not exist on railroad cars.

Whether it is among the taverns and other fixed localities that the evil to be suppressed is most likely to arise is a matter for determination by the legislature if there is some reasonable basis for the classification. The legislature has a broad discretion in making classifications for police regulation. The requirement of the constitution that laws shall be general does not mean that every statute shall have effect upon every individual and in every locality. It is for the legislature to determine when and where conditions exist requiring an exercise of police power to meet existing evils, and, when the legislature has acted, a presumption arises that the act is a valid exercise of such power. (*People v. Monroe,* 349 Ill. 270, 279.) In the case at bar plaintiff has failed to show any considerations sufficient to rebut that presumption.

Plaintiff next insists that the subject of the act is not embraced within its title and is, therefore, in violation of section 13 of article IV of the constitution, which provides that no act "shall embrace more than one subject, and that shall be expressed in the title." The title of the act in question, which added the two sections to the Liquor Control Act in 1949, is as follows: "An Act to add Sections 23 and 24 to Article VI of 'An Act relating to alcoholic liquors,' approved January 31, 1934, as amended." (Laws of 1949, p. 813.) The title of the act amended is thus set forth in the title of the amendatory act. It is well settled that where such is done, any provision which might have been inserted in the original act may be incorporated in the amendatory act without violating the constitutional provision that the subject of an act shall be expressed in the title. (*Malloy v. City of Chicago,* 369 Ill. 97.) Here, the provisions of sections 23 and 24 obviously relate to alcoholic liquors and could have been included in the original act. An act with a single general subject indicated in the title may contain many provisions, however diverse, so long as they are not inconsistent with, or foreign to, the general

subject, and the legislature must determine for itself how broad and comprehensive the object of the subject shall be and how much particularity shall be employed in the title defining it. (*People ex rel. Sanitary Dist.* v. *Schlaeger,* 391 Ill. 314, 326.) Plaintiff's argument that the section in reality constitutes a "weights and measures" regulation can avail him nothing. The constitution does not require that all the legal effects of an act shall be stated in the title. Where the subject of the act itself is embodied in the title, all the legal consequences necessarily flowing from it will, for the purpose of the constitutional requirement, be regarded as embraced in the title also. (*Village of Averyville* v. *City of Peoria,* 335 Ill. 106.) The section is not subject to the objection urged.

The question remains whether the provisions of section 24 are unconstitutional. They are as follows: "No person or persons licensed to sell liquor at retail for consumption on the premises shall use in such sales or possess on such premises any glass or other container so constructed as to be deceptive in appearance or to mislead the consumer as to its true capacity." (Ill. Rev. Stat. 1949, chap. 43, par. 144b.) Plaintiff's attack on the validity of this section is based upon two contentions: First, that its provisions are so vague and indefinite that persons subject to the act cannot ascertain whether the use of any particular container will render them liable to the penalties; and, second, that by prohibiting the mere possession of any container "deceptive in appearance" the act is unreasonable and arbitrary.

It is axiomatic that a statute, to be valid, must not be vague, indefinite and uncertain. It must be sufficiently explicit to advise those whom it purports to affect as to what their rights are and how they will be affected by its operation. Statutes which are so incomplete, vague, indefinite and uncertain that men of ordinary intelligence must necessarily guess at their meaning and differ as to their application, will not be upheld by the courts. (*Ill. Liquor Control*

*Com.* v. *Chicago's Last Liquor Store,* 403 Ill. 578; *Krebs* v. *Thompson,* 387 Ill. 471, 477.) Applying this rule to the present provisions, it is apparent that they fail to satisfy its requirements. The phrases "deceptive in appearance" or "misleading as to capacity" convey no precise guide which the citizen can follow with any assurance that he is complying with the law. The determination of whether a particular glass is so constructed as to be deceptive in appearance or to mislead the consumer as to its true capacity must, in many cases, be wholly conjectural, and susceptible to differing answers by persons of ordinary intelligence.

The laudable object of the law, namely, to prevent deception, cannot be accomplished by simply making illegal "deception" or the use of articles "deceptive" in appearance. There are few words more flexible than the terms "deceptive" and "misleading." They prescribe no fixed standard by which the containers may be tested, and lack the precision essential to afford due process of law. In *Vallat* v. *Radium Dial Co.* 360 Ill. 407, we considered the validity of a provision requiring employers to adopt "reasonable and approved devices, means or methods" for the prevention of occupational diseases. In holding that the law failed to furnish an intelligible standard of conduct we observed: "In order that a statute may be held valid the duty imposed by it must be prescribed in terms definite enough to serve as a guide to those who have the duty imposed upon them. Such definiteness may be produced by words which have a technical or other special meaning well enough known to permit compliance therewith or words which have an established meaning at common law through decisions; but if the duty is imposed by statute through the use of words which have not yet acquired definiteness or certainty and which are so general and indefinite that they furnish no such guide the statute must be declared to be invalid." There can be no doubt concerning the importance

of means whereby consumers can obtain protection against fraud and deception. But this end must be achieved by laws which are themselves a protection, and not by imposing duties which lack an accurate and definite guide prescribing the conduct prohibited. Section 24 is, therefore, invalid.

In view of our holding that section 24 is void for uncertainty, it is unnecessary to consider plaintiff's contention that its prohibition of the mere possession of a deceptive container renders its provisions unreasonable and arbitrary.

Plaintiff finally urges that if section 24 is unconstitutional section 23 must also be held void, and invokes the rule that where legislative provisions are so mutually connected with, and dependent on, each other as to indicate that the legislature intended them as a whole and not otherwise, the unobjectionable portion must fall with the invalid part. The rule has no application here. The general rule is that only the invalid parts of a statute are without legal effect. It is only where they are so blended with, and a part of, the other provisions that the legislature would not have passed the remainder, that the whole will be declared void. (*Grennan* v. *Sheldon,* 401 Ill. 351, 359.) It is evident from an examination of these sections that they are not so interdependent as to require the conclusion that the General Assembly would not have enacted the one without the other. Not only are the respective provisions embodied in two distinct sections, each of which purports to be complete in itself, but the subject matter of each is materially different and independent from that of the other.

We conclude that the superior court was correct both as to section 23 and as to section 24, and its decree will accordingly be affirmed.

*Decree affirmed.*