C. W. & E. PARDRIDGE *et al.*

*v.*

THE VILLAGE OF HYDE PARK.

*Filed at Ottawa January 21, 1890.*

1. SPECIAL ASSESSMENT—*abandonment of a part of the proposed improvement—new assessment as to the residue.* In a proceeding by special assessment to make compensation for land taken for a street, after the roll had been filed showing the compensation to be made for opening the street as proposed, the village authorities repealed the ordinance upon which the proceeding was based, except as to the land embraced in a certain part of the street as originally contemplated, and abandoned the improvement as to the residue. On proof that the village had possession of that portion of the street which had not been abandoned, the court dismissed the case as to the other part, and ordered a new assessment accordingly: *Held,* that the court properly set aside the original assessment and directed a new one, and that there was no necessity for the passage of a new ordinance limited to the part of the street not abandoned.

2. SAME—*new assessment—on failure to collect a former one.* Section 48, of article 9, of the act relating to cities and villages, which provides that the board of trustees, on failure to collect a special assessment, may direct a new one to be made "within five years after the confirmation of the original assessment," has no application when such original assessment has never been confirmed.

3. LIMITATION—*collection of special assessment.* Where a petition for an order directing a special assessment to be made to pay the compensation for land condemned for a street, is dismissed only as to a part of the proceeding, and is still pending as to the part not abandoned when a new assessment is ordered, the Statute of Limitations will not run against the part so continued.

4. TAX DEED—*judgment and precept.* A tax deed, to be admitted in evidence as title, must be accompanied by proof of a judgment, and a precept, as a foundation for the tax sale.

5. SAME—*against whom the deed is prima facie evidence.* A tax deed is only *prima facie* evidence, under section 224 of the Revenue act, of the facts therein mentioned, when the controversy or suit in which it is introduced has relation to the right of the purchaser, his heirs or assigns, to the real estate conveyed by the deed.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. Consider H. Willett, for the plaintiffs in error:

A street must be opened as an entirety, and if only a part, no assessments are collectible to pay for such part. *Cincinnati* v. *Railway Co.* 26 Ohio St. 345; *Brush* v. *Detroit,* 32 Mich. 43; *Anderson* v. *Pemberton,* 89 Mo. 61; *Green* v. *Green,* 34 Ill. 320; *Daugherty* v. *Hitchcock,* 35 Cal. 512; Welty on Assessments, sec. 298.

The repeal of the ordinance rendered the further steps illegal and void. *Williams* v. *Lincoln Co. Com.* 35 Me. 345.

The new improvement, if to be made by special assessment, required a new enabling ordinance. The power to make a second special assessment when the first is void, is clearly established. *Chicago* v. *Ward,* 36 Ill. 9.

In such cases the supplemental special assessments must be *de novo* proceedings, founded upon a new ordinance adapted to the particular wants of each improvement. *Workmen* v. *Chicago,* 61 Ill. 463; *Building Association* v. *Chicago,* id. 439.

The neglect to take steps to collect the special assessments for so many years is an abandonment. *Bradley* v. *Hintager,* 61 Iowa, 337; *Bradford* v. *Chicago,* 25 Ill. 411.

The Statute of Limitations embraces all causes of action, including the authority to make special assessments. *Edwards County* v. *White County,* 85 Ill. 390; *Piatt County* v. *Goodell,* 97 id. 84; *People* v. *Atchison,* 95 id. 452; *Ramsay* v. *Clinton County,* 92 id. 225.

Taxes are barred by the Statute of Limitations exactly the same as other causes of action. Cooley on Taxation, (2d ed.) 435, note 5; *State* v. *Mining Co.* 14 Nev. 220; *San Francisco* v. *Jones,* 20 Fed. Rep. 188; *Perry County* v. *Railroad Co.* 58 Ala. 546; *Rich* v. *Tinkerman,* 121 Mass. 222; *Woodburn* v. *Bank,* 5 W. & S. 447; *McLaughlin* v. *Kain,* 45 Pa. St. 113.

Municipal assessments are presumed to be paid after the lapse of twenty years. Wood on Limitation of Actions, p. 341, note 8.

Mr. N. A. PARTRIDGE, and Mr. JONAS HUTCHINSON, for the defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a proceeding to review a judgment of the Superior Court of Cook County overruling objections to the confirmation of a special assessment. The assessment was levied to pay the compensation theretofore awarded to the owners of land taken by the village of Hyde Park for the opening of that portion of a street called Forrestville Avenue lying between 41st and 42d streets. It is the same improvement which has been heretofore commented upon by this Court in *The People ex rel. Thatcher* v. *Village of Hyde Park*, 117 Ill. 462, and *Village of Hyde Park* v. *Corwith*, 122 id. 441. The same facts, which are set up in the opinion in the former case, appear in the record in the present case.

The Superior Court having ascertained by the verdict of a jury that the village had taken possession of that part of Forrestville Avenue lying between 41st and 42d streets, entered a judgment on February 16, 1878, dismissing the proceedings except as to the property between 41st and 42d streets. After this, the matter seems to have rested until 1887.

An assessment roll had been filed on March 25, 1875, showing the compensation to be made for property taken for opening the street from 41st to 47th street. As the village had repealed the enabling ordinance except as to the land between 41st and 42d streets and had abandoned the improvement except as to the part between the two last named streets, it was fitting that a new assessment should be made. The amount already awarded, as shown in the judgment entered of record, as compensation for opening the street between 41st and 42d streets, was $19;602.00, and the cost of making and collecting a special assessment to raise said amount was $380.00. Accordingly the court on June 16, 1887, entered an order, setting aside and vacating the assessment roll already filed,

and appointing commissioners to make a special assessment to raise said sum of $19,602.00 and the costs. These commissioners filed their assessment roll on October 26, 1888, and to the confirmation of such assessment roll the plaintiffs in error object.

The main objection is that the Superior Court had no jurisdiction to make the order of June 16, 1887. It is claimed that a new assessment could not be made to raise the money to pay the compensation for taking the land between 41st and 42d streets without a new enabling ordinance. We do not think that the passage of a new ordinance was necessary.

We have already decided in the *Thatcher* and *Corwith* cases, *supra,* that the enabling ordinance of December 7, 1872, was not repealed by the ordinance of July 2, 1877, so far as the land between 41st and 42d streets was concerned. That decision is *res adjudicata.* As to the owners of the land between those two streets the original ordinance was still in force on June 16, 1887. We see no reason why the condemnation judgments rendered in favor of such owners could not be paid by special assessment under such original ordinance.

Section 48 of article 9, which directs that, in a certain contingency, the board of trustees may direct a new assessment to be made "within five years after the confirmation of the original assessment," has no application here because the original assessment was never confirmed.

Nor do we understand how this proceeding or any part of it can be held to be subject to the bar of the five years' statute of limitations. The supplemental petition filed on December 5, 1873, for an order directing a special assessment to be made was not dismissed by the order of February 16, 1878, so far as the property between 41st and 42d streets was concerned. It was still pending when the new assessment was ordered, nor has there been any abandonment of the special assessment proceeding as to property between those two streets. (*People ex rel. Thatcher* v. *Village of Hyde Park, supra.*)

The tax deed introduced by plaintiffs in error in the court below should have been excluded. A cross-error has been assigned by the defendant in error in reference to the admission of the same. It was a deed to Asahel Gage, who is not a party to this proceeding. It was unaccompanied by proof of any judgment or precept, as a foundation for the tax sale. A tax deed is only prima facie evidence, under section 224 of the revenue act, of the facts therein mentioned when the controversy or suit, in which it is introduced, has relation to the right of the purchaser, his heirs or assigns, to the real estate conveyed by the deed. No such right was involved in this proceeding.

We find no error in the record. The judgment of the Superior Court is affirmed.

*Judgment affirmed.*