THE PEOPLE *ex rel.* Charles Kern

*v.*

WILLIAM NELSON *et al.*

*Filed at Ottawa May 15, 1895.*

1. STATUTES—*for local improvements repealed by incompatible act.* A statute providing for a particular class of local improvements is repealed, by implication, by a subsequent statute containing irreconcilable provisions and applying to all classes of public improvements.

2. SAME—*act of March 17, 1874, repealed.* The act of March 17, 1874, providing for the "laying of water supply pipe by bonds and special assessment, payable in installments," was repealed by the conflicting act of April 19, 1887, amending the act relating to cities and villages, by providing for payment for all public improvements by installments.

3. SAME—*said act not saved by provision as to 50,000 population.* The provision in said act of April 19, 1887, that it shall not apply in cities containing a population of 50,000 or more, except where the special assessment exceeds $15,000, does not indicate an intention on the part of the legislature to leave said act of March 17, 1874, in force.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

WILLIAM J. DONLIN, and HARRY RUBENS, Corporation Counsel, for appellant:

The courts are bound to uphold the prior law, if the two acts may well subsist together. Sedgwick on Stat. and Const. Law, (2d ed.) 106.

This rule has been affirmed by this court in a long line of cases. *Hunt* v. *Railway Co.* 121 Ill. 644; *Supervisors* v. *Campbell*, 42 id. 490; *Card* v. *McCaleb*, 69 id. 317; *Harding* v. *Railway Co.* 65 id. 98; *Barr* v. *People*, 103 id. 112; *Ottawa* v. *LaSalle County*, 11 id. 654; *Bruce* v. *Schuyler*, 4 Gilm. 221; *Hume* v. *Gossett*, 43 Ill. 297; *People ex rel.* v. *Barr*, 44 id. 198; *Chicago* v. *Quimby*, 38 id. 274; *Wragg* v. *Penn Township*, 94 id. 11; *Covington* v. *East St. Louis*, 78 id. 548; *Fowler* v. *Perkins*, 77 id. 271.

A remedial statute does not repeal a former remedial statute unless it contains negative words or an express repeal, but becomes a cumulative remedy. Sedgwick on Stat. and Const. Law, (2d ed.) 100, note ; Endlich on Int. of Statutes, 307 ; *Tyson* v. *Postlethwaite*, 13 Ill. 728 ; *Waldo* v. *Bell*, 13 La. Ann. 329 ; *Mitchell* v. *Duncan*, 7 Fla. 13 ; *Raudebaugh* v. *Shelby*, 6 Ohio St. 307; *State* v. *Berry*, 12 Iowa, 58 ; *Wilson* v. *Shorrick*, 21 id. 332 ; *Boon* v. *Juliet*, 1 Scam. 258.

Where a law already exists affording a greater benefit or creating a greater right than that afforded by a subsequent statute, the first law is not repealed or affected by the later, so as to limit or abridge the right or benefit by restricting it within the limits of the last law, unless there are express restrictive words. *Holton* v. *Daly*, 106 Ill. 132 ; *Tyson* v. *Postlethwaite*, 13 id. 728 ; *Boon* v. *Juliet*, 1 Scam. 258.

The act of 1887 should not receive a construction that would lead to an absurd consequence, and stamp the legislation as unreasonable. *Harding* v. *Railroad Co.* 65 Ill. 93.

The act of 1887 does not revise the whole subject matter of the act of 1874, and therefore does not, by implication, operate as a repeal thereof. Endlich on Int. of Statutes, 281; *Railway Co.* v. *United States*, 127 U. S. 406; *Waterworks* v. *Burkhardt*, 41 Ind. 383.

The most natural, if not necessary, implication in all such cases is, that the legislature intended the new law to be auxiliary to and in aid of the purposes of the old law, even when some of the cases provided for may equally be within the reach of each. *State* v. *Kirk*, 53 Ark. 337; *Wood* v. *United States*, 16 Pet. 363.

The objects and subjects of the acts of 1874 and 1887 are not alike, but different, and so the latter does not repeal the former. *Lawson* v. *Lawson*, 52 Ill. 62; *Rosborough* v. *Borden*, 67 Cal. 116; *United States* v. *Clafflin*, 97 U. S. 546; *Rowen* v. *Lease*, 5 Hill, 225; *United States* v. *Geer*, 3 How. 131; *Miller* v. *Edwards*, 8 Col. 528.

It is only where the nature of the provisions or the words used are such as to render it impossible to reconcile them, that the court will apply the doctrine of repeal by implication. *Attorney General* v. *Railroad Co.* 35 Wis. 425, and 81 Vt. 355; *Attorney General* v. *Brown*, 1 Wis. 513.

A later statute, which is general and affirmative, does not abrogate a former, which is particular. 2 Dwarris on Statutes, 532; *Coal Co.* v. *Taylor*, 81 Ill. 592; *Gunnarssohn* v. *City of Sterling*, 92 id. 573; *Ottawa* v. *LaSalle County*, 12 id. 341; *Covington* v. *East St. Louis*, 78 id. 552; *Hyde Park* v. *Cemetery Ass.* 119 id. 147; *McFarland* v. *Bank*, 4 Pike, 410.

The repugnancy of the earlier and later statutes on the same matter will not, by implication, repeal the former law, unless the repugnancy be not only irreconcilable, but also clear and convincing. *Lee* v. *Forman*, 3 Metc. (Ky.) 114; *House* v. *State*, 41 Miss. 737; *Iverson* v. *State*, 52 Ala. 170; *State* v. *Blend*, 131 Ind. 514; *Commonwealth* v. *Rumford*, 16 Mass. 231; *Orton* v. *Noonan*, 29 Wis. 541.

HERMANUS DEBOER, and SAMUEL J. SLOAN, for appellees:

The statutes in question do not fall within the rule that a general statute does not repeal a particular one. Sedgwick on Stat. and Const. Law, (2d ed.) 98, and cases cited.

A subsequent statute revising the whole subject matter of a former one, and intended as a substitute for it, although it contains no express words to that effect, operates as a repeal of the former. *Culver* v. *Bank*, 64 Ill. 528; *Andrews* v. *People*, 75 id. 605.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from a judgment of the county court, sustaining an objection made by appellees to the county collector's application for judgment against the land of appellees as delinquent for non-payment of the fifth installment of a special assessment made by the village of Washington Heights under an ordinance passed by that

village on March 18, 1889, before its annexation to Chicago, for the laying of water pipes in certain streets. The judgment confirming the assessment roll had been rendered by default.

The objection made to the entry of judgment is, that the county court had no jurisdiction to enter the judgment of confirmation by reason of the void character of the ordinance on which the assessment proceeding was based.   The ordinance provides for the collection of the assessment in ten equal annual installments, and purports to have been passed under and by virtue of an act of the legislature of Illinois, approved March 17, 1874, entitled "An. act to provide for the laying of water supply pipe by bonds and special assessment payable in installments."   It is claimed that, before the passage of the ordinance on March 18, 1889, the act of March, 1874, had been repealed by an act of the legislature approved on April 19, 1887, entitled "An act to amend article 9 of an act entitled 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, in force July 1, 1872, by adding thereto the following sections." The sections of the act of 1887 are numbered from 55 to 68 inclusive, the last section of the original article 9 being section 54.   (Act of 1874, 1 Starr & Cur. Ann. Stat. page 507; Act of 1887, Laws of Ill. of 1887, page 104).

It is conceded, that, if the act of 1874 was repealed by the act of 1887, the ordinance was void, and there was no jurisdiction in the county court to render the judgment of confirmation.   Therefore, the only question in the case is, whether the later act operated as a repeal of the earlier one.   In order to determine this question, it will be necessary to notice the main provisions of the two acts and compare them with each other.

The act of 1874 has reference to cases where the corporate authorities of any city, town or village shall provide by ordinance for the laying of water supply pipes to be paid for by special assessment to be made under the

provisions of article 9 of the City and Village act of
April 10, 1872.   The act of 1887 has reference to any spe-
cial assessment for any local improvement in any city,
incorporated town or village.   In article 9 of the original
City and Village act of 1872, there was no provision for
the payment of assessments by installments.   The act
of 1874 provides for the payment of special assessments
for water-pipes in annual installments, not exceeding ten
in number.   The subsequent act of 1887 provides for the
payment of any special assessment for any local improve-
ment in five installments, except assessments not exceed-
ing $15,000.00 in cities containing a population of 50,000
or more.

The first noticeable difference between the two acts
is, that the act of 1874 applies only to a particular class
of local improvements towit : the laying of water pipes,
while the act of 1887 extends the permission to collect
in installments to all local improvements, which neces-
sarily include the laying of water pipes.

The act of 1874 provides, that the payment by install-
ments of the estimated cost of the improvement may, in
the discretion of the corporate authorities, be provided
for in the original ordinance, "or by an ordinance to be
adopted at any time prior to the issuance of the warrant
to the collector· for the collection of such assessment."
But, by the terms of the act of 1887, the provision for
payment by installments must be made in the ordinance
providing for the improvement ; but, in all cases where
the special assessment shall have been made but not
confirmed, the municipality may provide by ordinance
for the collection of the assessment by installments.   In
other words, the act of 1874 permits an ordinance for pay-
ment in installments to be passed at any time before the
warrant is issued to the collector for the collection of the
assessment, while the act of 1887 requires the ordinance
providing for the payment of the assessment in install-
ments to be passed before the assessment is confirmed.

Indeed, the commissioners are required to designate upon the assessment roll the amount of each installment.

The act of 1874 provides, that the portion of the estimated cost of the improvement apportioned as public benefit may be paid by the issuance of bonds payable within twenty years, or by general taxation in accordance with said article 9, and that the portion of the estimated cost assessed against the property specially benefited shall be payable in such annual installments, not exceeding 10 in number, as may be prescribed in the ordinance. The act of 1887 provides, that the amount of the special assessment may be divided into installments, the first of which shall not exceed 25 per cent of the total assessment, and that the remainder shall be divided into four equal annual installments payable annually. It will be noticed that the later act says nothing about bonds; but bonds are mentioned in the earlier act merely as a mode of providing for the public benefits; and the part apportioned as private benefits is the only part divided into installments. By the act of 1887, however, the whole assessment, including the part apportioned as public benefit, may be divided into installments. It is manifest, that the two acts dispose differently of the portion of the assessment set apart for public benefit, the one by the issuance of bonds, the other by including it in the installments.

By the act of 1874, the installments, in which the portion of the cost assessed upon property specially benefited is made payable, are such annual installments, not exceeding ten in number, as the ordinance may prescribe. The municipality is thus invested with a discretion in the matter of fixing the number and amounts of the installments, subject to the condition that the number is not greater than ten. But by the act of 1887, the number of installments, into which the whole assessment may be divided, is limited to five, "the first of which shall not exceed the sum of 25 per cent of the total of said assessment."

156—24

By the act of 1874, the first installment of the amount assessed upon property specially benefited shall be payable immediately upon the issuance by the clerk of his warrant to the collector, and the subsequent installments shall be payable annually thereafter. By the act of 1887, the first installment shall be due and payable from and after the confirmation of the assessment, and the four others shall be payable annually thereafter, "and collected in the same manner that other assessments are now collected." By the earlier act, the rate of interest upon the deferred installments is fixed at such rate as shall be prescribed in the ordinance not exceeding 10 per cent per annum, while the later act directs, that the "four last named installments shall bear interest at the rate of six per cent per annum from and after the first day of. July next succeeding the confirmation of the assessment if confirmation is had before the first day of March, but, if not, then interest to begin from the first day of July in the following year after the confirmation."

It thus appears from an examination and comparison of the two acts, that every provision of the act of 1874 is met by a corresponding and repugnant provision in the act of 1887. In addition to this, the latter act contains additional provisions, not found in the former, relating to the stoppage of interest on installments by payment before maturity; fixing a maximum for the first installment; designating the mode of making the assessment roll; specifying the requisites of the collector's notice; fixing the extent and scope of the order of confirmation; indicating the contents of the collector's warrant; prescribing the method and form of paying for the improvement from the fund collected; restricting vouchers to the particular fund; providing for rebates of surplus and for payments in case of the condemnation of property.

In the act of 1887 there is no express repeal of the act of 1874, and repeals by implication are not favored in the law. But, if two statutes are clearly repugnant to each

other, the one last enacted operates as a repeal of the former; and a subsequent statute, which revises the whole subject of a former one, and is intended as a substitute for it, operates as a repeal of the former, although there are no express words of repeal. ' (*Culver* v. *Third Nat. Bank*, 64 Ill. 528; *Andrews* v. *People*, 75 id. 605). The objects of the two acts are the same, namely, the collection of special assessments by installments. The subject of the first act, a local improvement by laying water pipes, is included in the broader subject of the second act, towit: any local improvement. The provisions of the two acts, as above set forth, are irreconcilable, and the later act revises the whole subject of the older one, and was evidently intended as a substitute for it.

It is true, as a general rule, that a general affirmative statute does not repeal a prior particular statute, but this rule does not apply where there is such an irreconcilable inconsistency between the two, as indicates an intent of the legislature to repeal. Nor does the rule apply where negative words are used. (Sedgwick on Cons. of Stat.—2d ed.—page 100, note *a*). Affirmative language may be so strong as to imply a negative. (Potter's Dwarris on Stat. p. 68; 1 Kent's Com. marg. p. 467, note *b; Dis. Town of City of Dubuque* v. *City of Dubuque*, 7 Iowa, 262). The act of 1887 says, that the first installment "*shall not* exceed the sum of 25 per cent of the total of said assessment," which is inconsistent with the provision in the act of 1874, that the portion of the cost assessed upon the property specially benefited shall be "payable in such annual installments, not exceeding ten in number as may in such ordinance be prescribed." The provision in the act of 1887 that, when the confirmation is not before March 1, the remaining installments "*shall not* bear interest until the first day of July in the following year after said confirmation" is inconsistent with the provision in the act of 1874 making the deferred installments payable with interest annually after the issuance

of the warrant to the collector. A study of the act of 1887 will show, that, in addition to these prohibitions, it also contains affirmative terms of a positive and mandatory character, which contradict corresponding provisions in the former act.

There is no doubt, that the act of 1887 introduced an entirely new set of rules and directions as to the subject matter embraced in both acts concerning the collection of assessments by installments. If an affirmative statute, which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not, even although there are no negative words, be done in any other manner. (Potter's Dwarris on Stat. p. 72; *Hardeman* v. *Bowen,* 39 N. Y. 196).

The provision in the act of 1887, that the sections of the act shall not apply in cities containing a population of 50,000 or more, except in cases where the special assessment exceeds in the aggregate the sum of $15,000.00, merely indicates that the plan of collections by installments shall not prevail in large cities where the amount of the assessment is small. In such cities, assessments not greater than $15,000 are payable at one time and in one amount, and not by installments. We do not think, that this provision indicates an intention on the part of the legislature to leave the act of 1874 in force.

When two inconsistent acts are passed at different times, and the provisions of both cannot be carried into effect, the later law must prevail, and the first must give way. (*Devine* v. *Comrs. of Cook County,* 84 Ill. 590).

We are of the opinion, that the act of 1887 operated as a repeal of the act of 1874, and that the ordinance of March 18, 1889, upon which the assessment here involved is based, was void. (*Village of Morgan Park* v. *Gahan,* 35 Ill. App. 646). The judgment of the county court is accordingly affirmed.

*Judgment affirmed.*