## Roy C. Heydecker v. Lewis C. Price.

### Gen. No. 4,844.

1. REPEAL—*when effected by implication.* Repeals by implication are not favored but where there is an irreconcilable inconsistency between an earlier and a later act which indicates an intention upon the part of the legislature to repeal the earlier act, then a repeal by implication will follow.

2. TAX SALES—*remedy of purchaser where, made in error.* The sole remedy now provided by statute to a purchaser where a sale has been made in error, is to obtain a refund of his money. The former act which provided not only for a refund but for an additional one hundred per cent has been repealed by implication.

Action of debt. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed October 18, 1907.

**Statement by the Court.** Prior to July 1, 1895, sections 213 and 268 of the Revenue Act read as follows:

"Section 213. Whenever it shall be made to appear, to the satisfaction of the county clerk, that any tract or lot was sold which was not subject to be taxed, or upon which taxes or special assessments had been paid previous to the sale, he shall make an entry opposite to such tract or lots in the sale and redemption record that the same was erroneously sold, and such entry shall be *prima facie* evidence of the fact therein stated."

"Section 268. If any real property shall be twice assessed for the same year, or assessed before it becomes taxable, and the taxes so erroneously assessed shall have been paid, either at sale or otherwise, or have been twice paid by different claimants, the county board, on application of the person paying the same, or his agent, and being satisfied of the facts in the case, shall cause the State and county taxes to be refunded *pro rata* by the State and county; and the city and incorporated town or village taxes and special assessments, by the city or incorporated town, village or other proper authorities or persons. If any county, town or district collec-

tor shall receive the taxes or special assessments properly due on any real property, and the same shall afterwards be sold for said taxes or special assessments, he shall refund to the purchaser thereof, if application be made within three years from the date of said sale, double the amount of purchase money and all expenses of advertising said real estate under this act, requiring real estate purchased at tax sales to be advertised, including costs of deeds. Any collector neglecting or refusing to pay as required by this section, shall be liable to the county, or person in interest, in an action of debt in any court having jurisdiction."

On that date an amended section 213 went into effect which read as follows:

"Whenever it shall be made to appear to the satisfaction of the county clerk that any tract or lot was sold, and that such tract or lot was not subject to taxation, or upon which the taxes or special assessments had been paid previous to the sale of said tract or lot, or arises from a double assessment, or that the description is void for uncertainty, he shall make an entry opposite to such tracts or lots in the sale and redemption record that the same was erroneously sold, and such entry shall be *prima facie* evidence of the fact therein stated; and unless such error is disproved the county collector shall, on demand of the owner of the certificate of such sale, refund the amount paid and cancel such certificate so far as it relates to such tracts or lots. The collector shall take credit in settlement of his accounts thereafter with such officers as he may be liable to for their *pro rata* amounts respectively paid aforesaid."

In 1903 appellee was treasurer and *ex officio* collector of Lake county, Illinois. About June 4, 1903, he received the taxes due upon a certain lot in the city of Lake Forest in said Lake county. On June 26, 1903, he improperly sold said lot for taxes to Roy C. Heydecker for $287.47 and issued to the purchaser a certificate therefor, and the purchaser afterwards paid $1 for the publication of the notice of his purchase, and afterwards he assigned the certificate to Charles W. Heydecker. Afterwards appellee
33

discovered that the taxes on said lot had been paid before said sale, and he established that fact to the satisfaction of the county clerk, and the county clerk made an entry opposite said tract in the sale and redemption record that the same was erroneously sold. About March 1, 1904, Charles W. Heydecker first learned of the prior payment of these taxes and of the record entry that the tract had been erroneously sold, and he then demanded of appellee the payment of double the amount of said sale together with $1 for said publication, being in all $575.94, this demand being under said section 268. Appellee refused to pay said sum, but offered to pay Charles W. Heydecker $287.47, together with $1 for publication, with legal interest to the date of said demand. Charles W. Heydecker refused to accept that sum, and thereafter appellee stood ready, willing and able to pay that sum and tendered the same in open court.

This was a suit brought by Roy C. Heydecker, for the use of Charles W. Heydecker, against appellee to recover of him personally double the sum paid. A jury was waived and the case was tried upon an agreed state of facts. The court found for defendant and gave judgment accordingly. Plaintiff appeals. ·

COOKE, POPE & POPE, for appellant.

HANNA & MILLER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.
No propositions of law were presented. No ruling was made upon any question of evidence. No exception was taken, save to the finding and the judgment. The only question therefore for our decision is whether under the agreed facts appellant was entitled to judgment. No part of section 268 was expressly repealed by said section 213 as amended in 1895. If repealed at all it was by implication. Repeals by implication are not favored. Village of Ridgeway v. County of Gallatin, 181 Ill., 521; People v. Brown, 189 Ill., 619; People v. Murphy, 202 Ill., 493.

But if there is an irreconcilable inconsistency between an earlier and a later act which indicates an intention of the legislature to repeal the earlier act, then a repeal by implication will follow.   If there is a clear repugnance between the two laws, and the provisions of both cannot be carried into effect, the earlier must yield to the later.   This principle is applied and illustrated in Dingman v. People, 51 Ill., 277; Devine v. Commissioners of Cook County, 84 Ill., 590; People v. Nelson, 156 Ill., 364; and People v. Board of Education, 166 Ill., 388.   Section 268 adopted in 1872, required the officer who had received the taxes on any real property which was afterwards sold for the same taxes, to pay to the purchaser at such tax sale double the amount he paid and all the expenses of advertising, if application was made therefor within three years after the tax sale.   If the officer failed or refused to pay, then either the county or the person in interest might bring an action therefor.   This served a · two-fold purpose.   It punished heavily the officer through whose negligence, oversight or wilful misconduct the sale was caused to be held, and it liberally reimbursed the purchaser if he brought the suit. How the purchaser was to be reimbursed if the county brought the suit was not in terms provided, but presumably it was intended to be by application to the county board. Prior to 1895, so far as we are advised, this was the only remedy provided by statute for one who had purchased at tax sale land upon which the tax had already been paid. In that year section 213, which theretofore had contained no provision for the relief of the purchaser in such a case, was amended by adding thereto an enactment, the meaning of which was that no matter whether the town collector or the county collector had committed the error of failing to note the payment of the tax, the county collector should refund the amount of the sale to the owner of the certificate upon demand and should cancel the certificate so far as it related to the tract so sold in error, and that the county collector in subsequent settlement with the various officers should take credit for their *pro rata* portion of the sum

so refunded to the purchaser at such void sale.    This meant
that if a certain portion of the sum received at the sale had
been paid or was due to the fiscal officer of the town, and
other portions to the officers of the schools, of the munici-
pality, of the county, and of the State, respectively, the
county collector should charge back to such officers the
same portions of the fund so refunded.    Under section 268
the officer who made the mistake was compelled to pay to
the purchaser from his own funds twice the amount of the
sum he so failed to enter as paid, and the taxing bodies
kept both the original payment and the proceeds of the sale.
This was a severe punishment to the officer for what was
usually a mere error or omission, and in many cases it was
a quite unnecessary reward to the purchaser.    If he de-
tected the error and demanded payment the next day after
the tax sale was closed and the certificate was issued this sec-
tion required that he be paid 100 per cent profit upon his
investment.

The amended section 213 provided another method of
adjusting the error, so far as the purchaser was concerned.
It required the county collector, as such officer and out of
the public funds, to refund to the purchaser.    Either this
amended section repeals by implication the provisions on
that subject in section 268, or they both stand in full force.
They are inconsistent.    The earlier law gives the purchaser
200 per cent; that is, it refunds his money, and 100 per
cent in addition.    The later law simply refunds him his
money.    If the town collector made the mistake and both
these sections are in full force, why may not the purchaser
collect 200 per cent from the town collector, and then 100
per cent from the county collector, and thus obtain 300
per cent?    If it be answered that the intention was that he
should have his choice which remedy he would pursue, sec-
tion 213 does not say so, nor suggest such an answer.    But
if that is the meaning of section 213 then it might just as
well have never been adopted by the legislature for he
who buys at tax sale buys solely for the money he expects
to make under the law, and if he has his choice of collect-

Heydecker v. Price.

ing 200 per cent or 100 per cent he will always demand 200 per cent under section 268, and the provision in section 213 as amended will be a dead letter. It is suggested that if section 213 be treated as repealing the provisions of section 268 here involved, then the purchaser will lose his penalty. We look at this somewhat differently. A sale for taxes after the tax has been paid is void. The general rule of law covering judicial sales is *caveat emptor,* let the buyer beware. The buyer at a void sale held by operation of law has no legal right even to the return of his money, unless the statute so provides. It may well be that the legislature concluded that a payment of 200 per cent to the purchaser at such sale was giving him an unjust return upon his money, and may have determined that to return to him what he had paid was a sufficient provision for his benefit. We conclude that these are inconsistent and repugnant provisions upon the same subject-matter, and that appellant was only entitled to the relief afforded by amended section 213.

Appellant further contends that the court should at least have given him judgment for the amount he paid and interest thereon, because appellee offered it to him and tendered the same to him in open court. Appellee pleaded the general issue, with a notice of special matter, and in that notice specified that he would prove that he had offered to pay and had always been ready to pay the full amount appellant had paid with his costs and legal interest. He did not plead that he had made a legal tender and kept it good. That issue was not before the court. Appellant refused to accept the sum he offered and the sum he brought into open court. There was no pleading therefore under which appellant could have had a judgment as on a plea of tender. Moreover, if we are correct in our view of the law, appellant has no cause of action against the person who held the office of county collector. His right is to demand and receive the money out of the county treasury.

The judgment is therefore affirmed.

*Affirmed.*