THE CITY OF CHICAGO, Appellee, vs. AMBROSIA Y. RACE et al. Appellants.

*Opinion filed October 26, 1912—Rehearing denied Dec. 5, 1912.*

1. SPECIAL ASSESSMENTS—*there must be statutory authority for levying new assessment.* A new assessment of property which for any reason has escaped paying its just share of the cost of an improvement cannot be made unless specially provided for by statute.

2. SAME—*original assessment must have been invalid before a new assessment for completed work can be. sustained.* Before a new assessment for completed work can be sustained the original assessment must have been invalid and its invalidity established, either by the action of the city council or judgment of the court.

3. SAME—*new assessment may be levied though the court was without jurisdiction of original assessment.* Section 46 of article 9 of the Cities and Villages act, as it existed prior to the passage of the Local Improvement act, authorizes the levy of a new assessment where the original assessment has been set aside by the court, whether the original assessment was set aside for some mere irregularity, or because the court was without jurisdiction, because of defective notice, to confirm the assessment.

4. SAME—*when an original assessment must be regarded as set aside.* Where an application for judgment and order of sale for delinquent special assessment is denied because the county court was without jurisdiction to confirm the assessment by reason of a defective notice, the judgment is, in effect, an adjudication that the confirmation judgment is null and void, and has the effect of setting the assessment aside.

5. SAME—*when the Statute of Limitations has no application.* The Statute of Limitations has no application to a proceeding for a new assessment under section 46 of article 9 of the Cities and Villages act of 1872.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

GEORGE W. WILBUR, for appellants.

PHILIP J. MCKENNA, and GEORGE P. FOSTER, (WILLIAM H. SEXTON, Corporation Counsel, of counsel,) for appellee.

256 — 14

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is a proceeding for a new special assessment under section 46 of article 9 of the Cities and Villages act of 1872, (Rev. Stat. 1874, p. 239,) to pay the unpaid proportionate share of the cost of a park sewer constructed in Irving Park boulevard from the north branch of the Chicago river to Milwaukee avenue. On February 2, 1891, the city council passed an ordinance providing for the construction of this sewer and that the cost should be paid by special assessment. The cost of the improvement was estimated by the commissioners at $116,830.03. After the passage of the above ordinance, a petition, with the ordinance attached thereto, also the estimate of the cost and the order of the city council approving the same, was filed in the county court. Commissioners were duly appointed to make the assessment and their report was filed and approved September 16, 1891, and judgment of confirmation was rendered by default against the lands in controversy in this proceeding. On the 15th of July, 1892, application for judgment and an order of sale against these lands for delinquent special assessments was made by the county treasurer. Objections were filed by the owners of the property now in controversy, and upon a hearing the court sustained the objections on account of a defect in the publication notice in the original assessment proceeding. The objection to the notice went to the jurisdiction of the court to render the judgment of confirmation. The county court sustained this objection and entered an order that the judgment of confirmation be set aside and vacated as to the property objected for. This judgment remains in full force and effect. A second application for judgment and order of sale against the same lands was made at the July term, 1910, and appellants not appearing, default was entered against their property. The default was, however, subsequently set aside and leave to file objections given. The judgment

of July 15, 1892, was pleaded by appellants as *res judicata,* which plea was sustained and thereupon the application for judgment was dismissed. On October 31, 1910, the city council passed an ordinance for a new assessment, in which the previous proceedings were recited, together with the order of the court refusing judgment and order of sale and setting aside and vacating the judgment of confirmation. The ordinance provided for a new assessment to be made and levied against the lots and tracts and parcels of land that had escaped payment of their proportionate share of the benefits for the actual cost of the work that had been done under the previous ordinance. The proportionate share of the cost of the improvement of the lots in question is $2359.08. On November 29, 1910, the county court, on motion of the city, entered an order setting aside and vacating the judgment of confirmation of the original assessment and all orders entered in the original proceeding, and dismissed the petition in so far as the same affected the property involved in this proceeding and granted leave to the city to file a petition for a new assessment. A petition was filed for such new assessment, commissioners were appointed and an assessment was levied against the premises involved. Thereupon objectors, who are appellants herein, filed a special appearance and raised the question of the jurisdiction of the court, which was overruled, and they subsequently filed general objections. All legal objections were overruled by the trial court, and the objectors having waived further controversy the court entered a judgment of confirmation, to reverse which the present appeal is prosecuted by the property owners.

Appellants contend that a new assessment cannot be based upon a prior assessment which failed because the court had no jurisdiction in the original proceeding. It is argued in support of this contention that the original proceeding was void because of the defect in the notice, and being thus void it cannot be made the basis of a subsequent

assessment; that the present assessment must be regarded
as an original proceeding, and authorities are cited holding
that an original proceeding cannot be maintained to pay
for an improvement already completed. A new assessment
of property which for any reason has escaped its just share
of an improvement cannot be made unless specially pro-
vided for by a valid statute. (Page & Jones on Taxation
and Assessments, sec. 958.) Section 46 of article 9 of the
Cities and Villages act of 1872 provides as follows: "If
any assessment shall be annulled by the city council or
board of trustees, or set aside by any court, a new assess-
ment may be made and returned, and like notice given and
proceedings had, as herein required in relation to the first;
and all parties in interest shall have the like rights, and
the city council or board of trustees and court shall per-
form like duties and have like power in relation to any
subsequent assessment, as are hereby given in relation to
the first assessment." Under all of the authorities, before
a new assessment for completed work can be sustained the
original assessment must have been invalid and its invalid-
ity established either by the action of the city council or
the judgment of some court. (Page & Jones on Taxation
and Assessments, sec. 960.) The statute does not make
any distinction between proceedings that are invalid be-
cause of some mere error or irregularity and those which
are invalid because the court had no jurisdiction, and we
find no such distinction as appellants insist upon, recog-
nized in the decisions of this court.

Appellants contend that the original proceeding was not
set aside by the judgment of 1892 refusing the application
for judgment and order of sale. The objections to the
rendition of judgment were sustained and judgment re-
fused because the court had no jurisdiction to confirm the
assessment by reason of the defective notice. This was, in
effect, an adjudication that the judgment of confirmation
was null and void, and had the effect of setting it aside.

*People* v. *Nelson,* 156 Ill. 364; *Murray* v. *City of Chicago,* 175 *id.* 340.

Appellants contend that the city is barred by limitation from levying a new assessment. The Statute of Limitations has no application to a proceeding under section 46 of article 9 of the Cities and Villages act. In *Pardridge* v. *Village of Hyde Park,* 131 Ill. 537, the court set aside an original assessment roll after the lapse of twelve years and ordered a new assessment, and on a review of the judgment confirming the new assessment this court said that section 48 of article 9 had no application to that proceeding and that the limitation therein provided had no application, and this case was approved in *Murray* v. *City of Chicago, supra.*

Appellants make some other technical objections to this proceeding, but we do not deem them of sufficient importance to require discussion.

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*